Susan M Didriksen, Chapter 7 Trustee
PO Box 1460
Shingle Springs, CA 95682
Tel: (530)232-6119
E-mail: didriksen1@gmail.com

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>**TOBY M. SOUZA and**<br><br>**CASSIE R. SOUZA,**<br><br>Debtors. | Case No. 10-37731-D-7<br>DCN: SMD - 1<br><br>DATE: October 13, 2010<br>TIME: 10:00 A.M.<br>DEPT: D<br>COURTROOM: 34 (6th Floor) |

**TRUSTEE'S MOTION TO SELL PERSONAL PROPERTY OF THE ESTATE**

TO: THE HONORABLE ROBERT S. BARDWIL, JUDGE, U. S. BANKRUPTCY COURT; THE OFFICE OF THE U. S. TRUSTEE; THE ABOVE-CAPTIONED DEBTORS; AND, THE DEBTORS' ATTORNEY.

    The undersigned, Susan M. Didriksen, the court appointed Chapter 7 Trustee (the "Trustee") in the above-captioned Bankruptcy Estate of Toby S. Souza and Cassie R. Souza, (the "Debtors"), hereby requests that this Court approve the sale of the Bankruptcy's Estate's interest in a Note secured by five acres in Kelsey, California, to the John Palumbo for a total of $22,500 cash. In support of this motion, the undersigned Trustee respectfully represents the following:

    1.    The Debtors filed a voluntary Chapter 7 Bankruptcy Petition on or about July 6, 2010, and an Order for Relief was entered thereon.

    2.    Susan M. Didriksen was appointed as the Interim Chapter 7 Trustee on or about July 6, 2010, and continues to serve in that capacity.

    3.    The Court has jurisdiction over the current motion under 28 U.S.C. §§ 157(a) and 1334. This is a core proceeding under 28 U.S.C. section 157(b)(2)(A), (N) and (O).

4. The Debtors filed Schedule B on or about July 6, 2010, and disclosed personal property described as follows:

"NOTE – Face amount $60,000.00 secured by 5 acres in Kelsey, CA – one payment made"

(hereinafter referred to as the "Note"), having a disclosed market value of $30,000.

5. The Debtors' Schedule "C" filed on or about July 6, 2010, claimed monetary exemptions pertaining to the Note in the amount of $6,185 pursuant to C.C.P. §703.140(b)(5).

6. The Debtors' Schedule D filed on July 6, 2010, disclosed no indebtedness nor obligations secured by the Note.

7. The Trustee has received an offer from John Palumbo to purchase the aforementioned Note from the Bankruptcy Estate for $22,500 cash due upon approval from the Court.

8. A copy of the offer to purchase the note is attached hereto and marked **Exhibit "A"**.

9. The offer from John Palumbo includes a break-up fee of $1,000, representing time expended for due diligence.

10. The undersigned Trustee believes that the immediate liquidation of the Subject Personal Property is in the best interest of the Bankruptcy Estate. Therefore, the trustee requests the approval from this Court to sell the aforementioned Note to John Palumbo for the amount of $22,250.

11. At the Court hearing, the Trustee will request that the Court solicits overbids. The Trustee further requests that overbids, if any, be submitted in minimum increments of $1,250 from qualified bidders who much contact the Trustee at least twenty-four hours prior to this hearing. Any successful over bidder must remit the full amount of the cash selling price to the Trustee within twenty-four hours after the Court hearing is concluded.

12. In the event that the Note is sold in an overbid to another party, the Trustee requests authority to pay John Palumbo a break-up fee of $1,000 representing time expended for due diligence.

13. The undersigned Trustee further requests authority to pay the Debtors monetary exemption on the amounts of $6,185, representing the their claimed C.C.P. §703.140(b)(5) exemption less any payments received by the Debtors on this Note since the petition date.

WHEREFORE, the undersigned Trustee respectfully requests that this Court: A.) Approve the sale of the aforementioned Note to John Palumbo in the manner stated herein, B.) Provide authority for the Trustee to execute all documents necessary to complete the contemplated sale; C.) Provide authority for the Trustee to pay exempted amount of $6,185, less any payments received from the Note since the petition date, directly to the Debtors from the sale of proceeds of the subject Note; and, D.) Provide for such other relief as the Court deems appropriate.

Respectfully submitted,

Dated: September 8, 2010

/s/ Susan M. Didriksen
Susan M. Didriksen, Chapter 7 Trustee